IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TORIBIO C. REYES, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| FIDELITY INVESTMENTS, | § | |
| | § | |
| Defendant, | § | CIVIL ACTION NO:  3:18-CV-00134 |
| | § | |
| vs. | § | |
| | § | |
| MARINE CORPS SCHOLARSHIP | § | |
| FOUNDATION, | § | |
| | § | |
| Third-Party Defendant. | § | |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff Toribio C. Reyes, Jr. ("Reyes") files this Motion to Remand in response to Third Party Defendant Marine Corps Scholarship Foundation, Inc.'s ("the Foundation") Notice of Removal (Doc. No. 1) and Amended Notice of Removal (Doc. No. 3).  Permission to file this motion was granted by the Court during the telephonic hearing on Reyes's letter request for pre-motion conference filed pursuant to § 6.B.iii. of the Court's Procedures, and on the Foundation's responsive filing.  (*See* Doc. Nos. 9, 10.)

# TABLE OF CONTENTS

I.      Introduction and Procedural Posture ........................................................................ 1

II.     Correction of the Factual Record As Stated in the Foundation's Letter Brief ......... 2

III.    Issue Presented and Short Answer ............................................................................. 5

IV.     Removal Generally and the Standard of Review ....................................................... 6

V.      Argument .................................................................................................................... 7

        A.      The General Rule:  Removal by third party defendants is not proper. ......... 7

        B.      There is no exception for declaratory judgment cases. ................................ 9

        C.      There is no exception for "interpleader action(s)," for "procedural
                realignment of the parties" by this Court, or for an examination of
                "whether the Foundation is a real party defendant in interest." ................. 10

        D.      There is no exception for cases where the defendant "could have
                removed a case, but did not, and later consented to removal, leaving
                the third-party defendant to pursue removal." ............................................ 12

        E.      The only "limited exception" for third party defendants identified by
                the Foundation does not apply here. ............................................................ 13

VI.     Request for Costs and Attorneys' Fees ................................................................... 15

VII.    Conclusion ............................................................................................................... 15

## I.      INTRODUCTION AND PROCEDURAL POSTURE

On June 1, 2016, Reyes's friend, Mr. Thomas M. Jones ("Jones"), went to his lawyers' office and executed a number of legal documents to effect certain changes in his estate plan.  Two days later, Jones personally signed a form to change the primary and contingent transfer-on-death beneficiaries for his account at Defendant Fidelity Brokerage Services LLC (d.b.a. Fidelity Investments) ("Fidelity") to Reyes and Reyes's son, respectively.  On September 5, 2016, Jones passed away.  In September or October of 2016, Reyes provided Fidelity with Jones's death certificate by personal delivery of the document to Fidelity's Sugarland, Texas, office.  Fidelity ultimately advised Reyes that it would require a court order before it could turn the funds over to him.

In response to Fidelity's demand, on March 7, 2018, Reyes filed a Petition for Declaratory Judgment against Fidelity in the 412th District Court of Brazoria County, Texas.  (Doc. No. 1-3.)  Reyes alleged only state law causes of action in its Petition.  (*Id.*)  On April 2, 2018, Fidelity submitted itself to the jurisdiction of the state court by filing its answer, counterclaim, and third party interpleader action in the state court proceeding.  (Doc. No. 1-4.)  Fidelity filed a first amended counterclaim and third party claim for interpleader on April 6, 2018.  (Doc. No. 1-5.)  On April 16, 2018, the Foundation was served with Fidelity's third party interpleader claim.  (*Id.* at 7.)

The Foundation filed a Notice of Removal on May 2, 2018 (Doc. No. 1) and an Amended Notice of Removal on May 5, 2018 (Doc. No. 3).  In its Amended Notice, the Foundation asserts that removal is proper because "this is a civil action that falls under the Court's original jurisdiction . . . and is one that may be removed to this Court based

1

on diversity of citizenship . . . ."  (Doc. No. 3 at ¶ 6.)  As such, the Foundation's grounds

for removal are based exclusively on 28 U.S.C. § 1441(a).

## II.   CORRECTION OF THE FACTUAL RECORD AS STATED IN THE FOUNDATION'S LETTER BRIEF

Although not controlling on the disposition of the jurisdictional question presented

by this motion, Plaintiff must correct the record on numerous false and/or misleading

factual statements made in the Foundation's letter brief.  Indeed, the Foundation's entire

case appears to be based on either a misstatement or misunderstanding of the facts:

> Based upon this information, and the obvious question of why an 83 year old man would leave $1.65 million to his landscaper, use the landscaper's wife to accomplish a transfer on death, and why Reyes and his wife cared in the least about amending the cause of death—the Foundation has asserted in its Answer (Doc. 4) that the June 3, 2016 designation of Reyes as a TOD beneficiary was legally invalid due to Jones' documented Alzheimer's/dementia, lack of sound mind and mental capacity, and the undue influence, conspiracy and fraud by Reyes and his wife to accomplish a $1.65 million windfall for Reyes that should have gone instead to the Foundation to fund scholarships.

(Doc. No. 10 at 2.)  Thus, the Foundation's Answer (Doc. No. 4), and all of is allegations

in this case, seek answers to three questions it deems "obvious."  The answers to those

questions, however, are not what the Foundation would have the Court believe.

The Foundation's first question is:  "Why [would] an 83 year old man [ ] leave

$1.65 million to his landscaper"?  (Doc. No. 10 at 2.)  The Foundation makes much of the

fact that "Reyes was Jones' landscaper" and Martha Isais ("Isais") was "Plaintiff's wife."

(*Id.* at 1.)  While certainly true, those statements are misleading and downplay the

significant role that both Reyes and Isais played in the later years of their friend's life.

The real story is that Jones, having long been ostracized by his family over a particular

2

and immutable aspect of his life, built a friendship over twenty years with one of the few people he saw on a regular basis, his landscaper.  Reyes and his family would eventually come to assist Jones in virtually every aspect of his aging life:  buying his groceries, paying his bills, driving him to doctors' offices, administering his medications, and generally assisting him with his day-to-day life.  Jones did not leave his money to "his landscaper," he left it to his friend.

The Foundation's second question is:  Why would Mr. Jones "use the landscaper's wife to accomplish a transfer on death"?  (*Id.* at 2.)  The Foundation claims that the "change of TOD beneficiary form was accomplished via a power of attorney dated just two days earlier on June 1, 2016."  (*Id.* at 1.)  They further allege that "[t]he Plaintiff's wife, Martha Lidia Isais ("Isais"), is the person who, via the power of attorney, changed the TOD beneficiary form to benefit her husband."  (*Id.*)  These statements are not merely misleading—they are false.  As proven by exhibits the Foundation filed with its notice of removal, the change of TOD beneficiary was accomplished, not via a power of attorney, but by Jones himself, via a Fidelity form Jones personally signed on June 3, 2016.  (*See* Doc. No. 1-3 at 6-8; Doc. No. 1-4 at 3, ¶ 6; Doc. No. 1-5 at 3, ¶ 5.)

In its letter brief, the Foundation appears to make an unsupported *post hoc ergo propter hoc* assumption.  Jones did sign a durable power of attorney at his lawyer's office on June 1, 2016, therein naming Isais as his attorney-in-fact.  But that durable power of attorney was not used to change the TOD beneficiary on June 3rd.  (*Id.*)  Notably, Jones also signed a medical power of attorney on June 1, 2016, naming Isais as his medical agent and Reyes as his alternate medical agent.  These documents were created and

3

executed, at Jones's request, in the offices of Jones's estate attorneys.  This is not a case of diminished capacity, undue influence, conspiracy, or fraud.  (*See* Doc. No. 10 at 2.) Instead, the change of TOD beneficiary was done—by Mr. Jones himself—as part of a comprehensive set of changes he was making to his estate plan in June of 2016.

The Foundation's third question is:  "[W]hy [did] Reyes and his wife care[ ] in the least about amending the cause of death"?  (*Id.*)  The Foundation states:  "Upon good faith and belief, it was Reyes and his wife Isais who personally approached Dr. Kakulavar many months after Jones' death and requested an amended death certificate— one which removed any mention of Jones' Alzheimer's or dementia."  (*Id.*)  Again, while true, those statements are misleading.  The Foundation fails to mention that the amended death certificate, and the changes made thereto, were <u>specifically requested by Fidelity</u> during pre-suit discussions with Reyes and his attorney.

Because Fidelity refused to comply with the Transfer on Death order of its deceased account holder, Reyes sought counsel.  Reyes's counsel called the inheritor service specialist for Fidelity who indicated they would need a court order to turn over the funds and raised concerns about the listed cause of death.  Having cared for and attended to Jones's care for some time, Reyes and his wife knew that the listed cause of death was factually untrue and advised Fidelity to that effect.  The inheritor services specialist then advised that a corrected death certificate, if possible, would be helpful, and Reyes and his wife reached out to the physician for clarification as to the actual cause of death which was then provided to Fidelity.  Simply put, Reyes and Isais merely did what Fidelity told them was required to allow Fidelity to distribute Jones's funds.  Contrary to

4

the Foundation's implication, there was no sneaky and nefarious reason for changing Jones's death certificate, and any attempt to imply one should be rejected.

Again, while not controlling as to the jurisdictional question presented by this motion, Reyes could not let the factual record, as set forth by the Foundation, remain uncorrected.  This motion will ultimately rise and fall, not on the case-specific facts alleged by the parties, but on the procedural posture of the case and the legal question of whether the Foundation's removal to this Court was proper.  It was not.  And as Reyes discusses in greater detail below, this Court lacks jurisdiction and must therefore order this case remanded to the 412th District Court of Brazoria County.

## III.    ISSUE PRESENTED AND SHORT ANSWER

As discussed in Reyes's letter brief and at the related hearing, the long-settled general rule is that third party defendants are not proper parties to effectuate removal. (*See* Doc. No. 9.)  The issue, then, as generally expressed by the Court at the hearing, is whether there is a legal basis for any kind of exception to that general rule that may apply here.  In short, there is not, and the Foundation has the burden of proving otherwise.

In this case, the Foundation has failed to meet its burden of establishing federal jurisdiction through an exception to the general rule that third parties cannot remove cases from state court.  There is no exception for declaratory judgment cases.  There is no exception for "interpleader action(s)," for "procedural realignment of the parties" by this Court, or for an examination of "whether the Foundation is a real party defendant in interest."  (Doc. No. 10 at 3.)  And there is no exception for cases where the Defendant "could have removed a case, but did not, and later consented to removal, leaving the

third-party defendant to pursue removal." (*Id.*) Indeed, the only "limited exception" for "third party defendants" that has been identified by the Foundation cannot apply here because it (1) was not pled as a basis for removal; (2) is factually inapposite; and (3) has likely been abrogated by the recent amendments to the removal statute.

## IV.   REMOVAL GENERALLY AND THE STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). As the Court is aware, a party may only remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723; *see also Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). Because removal raises significant federalism concerns, "any doubt as to

6

the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam).

The Fifth Circuit will "review a district court's determination of the propriety of removal de novo." *Leffall v. Dallas Ind. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994). Further, if a district court concludes that it is without subject matter jurisdiction under 28 U.S.C. § 1447(c), and thereby remands a case to state court, appellate "review is unavailable no matter how plain the legal error in ordering the remand." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 642 (2006); *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012) ("Any order issued on the grounds authorized by Section 1447(c) is immunized from all forms of appellate review, whether or not that order might be deemed erroneous by an appellate court."); *Sykes v. Tex. Air Corp.*, 834 F.2d 488, 492 (5th Cir. 1987) ("If the court says it is remanding for lack of jurisdiction, the decision—even if flagrantly wrong—is completely unreviewable.").

## V.    ARGUMENT

As the party with the burden on proof on this issue, the Foundation must prove that its removal to this Court was legally proper. *Howery*, 243 F.3d at 916. However, each of the arguments set forth in the Foundation's letter brief are unavailing. Thus, the general rule disallowing removal by third party defendants applies in this case, and this action must be remanded for lack of subject matter jurisdiction.

### A.    The General Rule:  Removal by third party defendants is not proper.

The strict and narrow reading of the removal statute has led numerous courts to hold that third party defendants, such as the Foundation, are not proper parties to

7

effectuate removal.  Under the statute, an action "may be removed by the <u>defendant</u> or the <u>defendants</u> . . . ."  28 U.S.C. § 1441(a) (emphasis added).  Thus, only a "<u>defendant</u>" to an action—not a <u>third party defendant</u>—may remove a case under § 1441(a).  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-109 (1941) (strictly construing § 1441 and finding that that the term "defendant" precludes a plaintiff/counter-defendant from removing to federal court); *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2008) ("For more than fifty years, courts applying *Shamrock Oil* have consistently refused to grant removal power under § 1441(a) to third-party defendants."); *Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011) (discussing the "settled" interpretation of Section 1441(a) as not allowing removal by counterclaim and third party defendants).

In the Southern District of Texas, "[a] third-party defendant cannot remove a case to federal court on the basis of diversity jurisdiction."  *Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 708 (S.D. Tex. 2006).  A multitude of opinions from this District—including many opinions written <u>after</u> the 2011 amendments to the removal statutes—are in accord.  *See, e.g.*, *Air Liquide Mexico S. de R.L. de C.V. v. Hansa Meyer Global Transport USA, LLC*, No. H-15-0557, 2015 WL 4716033, at *2 (S.D. Tex. Aug. 7, 2015) ("Because § 1441(a) limits the right of removal to the 'defendant or defendants,' and the removal statute is to be strictly construed, third-party defendants have no right of removal under § 1441(a)."); *Alattar v. Sano Holdings, Inc.*, No. H-14-266, 2014 WL 3543716, at *3 (S.D. Tex. July 17, 2014) ("'[D]efendant' or 'defendants' in the removal statute has generally been construed narrowly to include only the original defendant or

8

defendants."); *Rooster Oil & Gas L.L.C, v. Birnham Energy Inv. Co.*, No. H-13-1983, 2013 WL 6002210, at *1) (S.D. Tex. Nov. 12, 2013) ("[T]he overwhelming majority of courts have adopted *Shamrock*'s admonition . . . and have not extended a right of removal under § 1441(a) to counter-defendants or third-party defendants."); *Huntsman Corp. v. Int'l Risk Ins. Co.*, 2008 WL 4453170, at *3 (S.D. Tex. Sept. 26, 2008) (collecting cases); *Salge v. Buchanan*, No. C-07-212, 2007 WL 1521738, at *3 (S.D. Tex. May 24, 2007) ("The overwhelming majority of courts addressing this question have concluded that third-party defendants are *not defendants* entitled to remove under § 1441(a)." (emphasis in original)).  The Foundation as not identified any legally supported exception to the general, "no removal by third party defendants" rule applicable here.

### B.    There is no exception for declaratory judgment cases.

Although not discussed in its letter brief, the Foundation argued at the hearing that this case should be treated as an exception to the general rule because it is a declaratory judgment action.   Citing Texas Civil Practice and Remedies Code § 37.006, the Foundation argued that because it claims an "interest that would be affected by the declaration," it "must be made [a] part[y]" to the action.  Tex. Civ. Prac. & Rem. Code § 37.006.  But, the Foundation is already a party to the state court action—it is a "third party defendant."   As such, it will have an opportunity to be heard and to have its interests adjudicated in the state court, just like any other party.

The declaratory nature of this case does not warrant different treatment under the removal statutes.  The statutes do not single out declaratory judgment actions for special treatment, and no exception based on case law or other authority has been identified.

9

Reyes sued Fidelity, not the Foundation, because Fidelity is wrongfully withholding payment of monies due to him.  For purposes of applying the removal statutes, it should not matter, and does not matter, that Reyes couched his claim as one for declaratory relief as opposed to an action for breach of contract, conversion, or some other action seeking affirmative relief.  There simply is no exception for declaratory judgments.

**C.    There is no exception for "interpleader action(s)," for "procedural realignment of the parties" by this Court, or for an examination of "whether the Foundation is a real party defendant in interest."**

The Foundation notes, "Fidelity has filed an interpleader action in this case," such that "Fidelity is not truly adversarial to the Foundation."  (Doc. No. 10 at 3.)  It then uses the description of this case as an "interpleader action" to argue for "procedural realignment of the parties" and/or a determination that it is the "real party defendant in interest" for this case.  (*Id.*)  Neither argument is persuasive or supported by the law.

First, the Foundation's argument for party realignment (*id.*) is not supported by the case law.  "The necessity of realignment must be assessed based on the 'principal purpose of the suit' and the 'primary and controlling matter in dispute' as determined by plaintiff's complaint."  *Alattar* 2014 WL 3543716, at *4 (quoting *Zurn Indus., Inc. v. Acton Constr. Co., Inc.*, 847 F.2d 234, 236 (5th Cir. 1988)).  "The primary purpose of the suit does not include [ ] cross-claims or counterclaims filed by the defendants."  *Id.*; *see also Zurn*, 847 F.2d at 237.  It stands to reason, then, that the primary purpose of this suit would not include the third party interpleader claims filed by Fidelity, the only defendant named in Reyes's state court petition.

10

Regardless of the "principle purpose" of this suit, realignment of the parties in the federal court is not a proper way to create removal jurisdiction.  *See Alattar* 2014 WL 3543716, at *4 ("[T]he court is not convinced that [the removing party] is allowed to use realignment as a third party defendant to create removal jurisdiction under Section 1441(a) . . . ."). Indeed, "[m]any courts in the Fifth Circuit . . . 'have seriously questioned whether the procedural mechanism of "realignment" can be used to support removal.'"  *Id.* (quoting *Salge*, 2007 WL 1521738, at *4 n.5 (collecting cases)); *see also Huntsman Corp.*, 2008 WL 4453170, at *6 (noting the trend in the Fifth Circuit disapproving of the use of "realignment after removal to cure a defect in removal jurisdiction"). And like the general rule regarding third party removal, courts have relied on their duty to strictly construe the removal statue as a basis for refusing to realign parties to correct deficient removal jurisdiction.  *See Alattar* 2014 WL 3543716, at *4 ("In light of the court's obligation to strictly construe the removal statute and resolve all doubts in favor of remand, the court declines to realign the parties in order to make [third party defendant] a proper removing party under Section 1441(a).").

Second, the Foundation's suggestion that the Court "may also examine whether the Foundation is a real party defendant in interest" is similarly unavailing.  (Doc. No. 10 at 3.)  Indeed, the case it cites for this proposition is easily distinguished, based on facts the Foundation itself points out.  (*Id.* (citing *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96-97 (2d Cir. 2014)).)  As the Foundation's parenthetical highlights, removal was only allowed in *La Russo* because the entity that removed actually <u>owned</u>

11

and operated the nonlegal entity that was initially (and incorrectly) sued by the plaintiff in state court. *Id.*; *see also La Russo*, 747 F.3d at 92.

Here, that is simply not the case. Fidelity is its own legal entity and is not owned or operated by the Foundation. Reyes properly sued Fidelity in state court, and the Foundation is not the "real party defendant in interest" to that lawsuit. Even if there was a binding exception for the fact pattern set out in *La Russo*, that exception would simply not apply in this action.

### D. There is no exception for cases where the defendant "could have removed a case, but did not, and later consented to removal, leaving the third-party defendant to pursue removal."

By the Foundation's own admission, Fidelity "could have removed [this] case, but did not." (Doc. No. 10 at 3). Such facts do not create an exception to the general rule. In fact, the opposite is true. As the Fifth Circuit held long ago, "a defendant who does not timely assert the right to remove loses that right." *Brown v. Demco, Inc.* 792 F.2d 478, 481 (5th Cir. 1986). Here, Fidelity waived its right to remove this case and cannot get that right back by choosing to unilaterally add the Foundation to this action, and then "consent" to the Foundation's removal of the case. If a unilateral action by a defendant, to add another party to the case, could serve to restart the clock on removal, then *Brown*'s waiver rule would be worthless, and the time limitations set forth in the federal removal statutes would be easily skirted and unnecessary. *See* 28 U.S.C. § 1446(b)(1).

Jones died on September 5, 2016. Within a month or two, Fidelity had Jones's death certificate in hand, knew that Reyes was the beneficiary of his account, and knew that the Foundation was the previous beneficiary. And yet, it did not file an interpleader

12

action in any court.  Eighteen months after Jones's death, Reyes filed the instant suit in Texas state court, at Fidelity's request.

At any point during that eighteen-month period, Fidelity could have deposited Jones's funds into the registry of this Court and litigated this case in the federal system. *See* 28 U.S.C. § 1335.  It chose not to.  And after Reyes served Fidelity with his state court petition, Fidelity got another bite at the federal court apple, and could have removed this case for 30 additional days.  *See* 28 U.S.C. § 1446(b)(1).  Again, it failed to do so.

Having twice missed out on opportunities to try this case in federal court, Fidelity cannot create another chance at removal by unilaterally adding the Foundation to this case and then "consenting" to removal by that new third party.  Allowing the exception the Foundation proposes here would eviscerate the strict timing (and other) requirements of the federal removal statutes.  Attempts by creative defendants to develop end-runs around the rules are one reason why firm removal rules—e.g. no removal by third-party defendants (or counterclaim defendants, or cross-claim defendants)—exist.  *See In re Crystal Power Co., Ltd.*, 641 F.3d 78, 81 (5th Cir. 2011).  Such attempts are also why there is no exception for defendants who "could have removed a case, but did not."

### E. The only "limited exception" for third party defendants identified by the Foundation does not apply here.

The only legally-supported exception identified in the Foundation's letter brief is an admittedly "limited exception" under 28 U.S.C § 1441(c).  (Doc. No. 10 at 3.)  That exception does not apply in this case for several reasons. First, the Foundation did not plead 28 U.S.C. § 1441(c) as a basis for removal in its Notice of Removal or Amended

13

Notice of Removal.  (*See* Doc. Nos. 1, 3.)  Thus, it cannot rely on § 1441(c) as a basis for federal jurisdiction.

Second, the Foundation likely omitted reference to § 1441(c) because it does not apply to this case.  Section 1441(c) only applies when a removable claim is joined with a non-removable claim.  28 U.S.C. § 1441(c)(1); *see also Alattar* 2014 WL 3543716, at *2 ("Section 1441(c), then, only applies if a civil action includes a federal claim and a claim not within the original or supplemental jurisdiction of the court.").  Here, the Foundation has not identified a non-removable claim, so § 1441(c) simply does not apply.

Third, the "limited exception" identified by the Foundation requires that "the removable claim in a third party complaint is separate and independent of the claims of the original suit."  (Doc. No. 10 at 3 (citing *Texas v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998); *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980)).)  Here, the Foundation fails to identify any claims that are "separate and independent of the claims of the original suit."  (*Id.*)  Even if they could, the "separate and independent claim" language on which this exception is based was removed from section 1441(c) in the 2011 amendments to the removal statutes.  Having been decided before the recent changes to the removal statutes, the exception set forth in *Walker* and *Heck* is no longer good law.  *See Air Liquide* 2015 WL 4716033, at *2 ("Because the 2011 amendment deleted the 'separate and independent claim' language from § 1441(c), it is doubtful whether the exception recognized in *Heck* survives.").  This final "limited exception," like all the other potential exceptions argued by the Foundation, fails to meet the Foundation's burden to support removal of this case to federal court.

## VI.   REQUEST FOR COSTS AND ATTORNEYS' FEES

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[W]here the removing party lacked an objectively reasonable basis for seeking removal," "courts may award attorney's fees under § 1447(c)." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Foundation had no objectively reasonable basis to remove this case, and Reyes should be awarded his costs and attorneys' fees.

*Shamrock Oil* was decided more than 75 years ago. And since then, courts have consistently relied upon its teachings to remand cases removed by third party defendants. *See Palisades*, 552 F.3d at 332 ("For more than fifty years, courts applying *Shamrock Oil* have consistently refused to grant removal power under § 1441(a) to third-party defendants."). That trend continues in the Southern District of Texas, even after the recent amendments to the removal statutes. S*ee Rooster Oil*, 2013 WL 6002210, at *1 ("[T]he overwhelming majority of courts have adopted *Shamrock*'s admonition . . . and have not extended a right of removal under § 1441(a) to counter-defendants or third-party defendants."). In light of this long-standing authority, for which the Foundation has yet to identify any applicable exceptions, an award of attorneys' fees to Reyes is required.

## VII.   CONCLUSION

Reyes is the sole beneficiary of Jones's investment account, the contents of which are currently being wrongfully withheld by Fidelity in violation of Reyes's rights. As the authority cited above suggests, this Court lacks subject matter jurisdiction, and a remand

to the state court in which this case began is the required outcome here.  Because the Foundation is a third party defendant, it may not remove this action from state court.  No exceptions to this general rule have been identified by the Foundation, and none exist in this case.  The Foundation's removal was, therefore, improper, and the Court is without jurisdiction under 28 U.S.C. § 1441(a).  Plaintiff requests that the Court remand this case to the 412th District Court of Brazoria County, Texas.

Dated:  <u>June 20, 2018</u>                    Respectfully submitted,

By:  <u>        /s/ Matthew C. Broaddus        </u>
       Matthew C. Broaddus – Attorney-in-Charge
       Texas Bar No.:  24069423
       S.D. Tex. Bar No.:  4610629
       mbroaddus@jrgpc.com
       John R. Gilbert – Of Counsel
       Texas Bar No.:  07898500
       jgilbert@jrgpc.com
       JOHN R. GILBERT, P.C.
       7 West Way Court, Suite A
       Lake Jackson, Texas  77566
       Telephone:  (979) 297-1222
       Facsimile:  (979) 480-0887

       Jeffrey R. Gilbert – Of Counsel
       Texas Bar No.:  07898100
       S.D. Tex. Bar No.:  16730
       jeff@jeffgilbertlaw.com
       JEFFREY R. GILBERT, P.C.
       108 E. Magnolia
       Angleton, Texas  77515
       Telephone:  (979) 549-0700
       Facsimile:  (979) 549-0444

       **ATTORNEYS FOR PLAINTIFF TORIBIO C.
       REYES, JR.**

17

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for the parties have conferred regarding the substance of the relief requested herein and the relief requested by Plaintiff is opposed.

*/s/  Matthew C. Broaddus*
Matthew C. Broaddus
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically, on June 20, 2018, using the Court's CM/ECF system, which will send notifications of such filing to all counsel of record who have consented to electronic service.  Should any counsel's email not be on file in the Court's CM/ECF system, the undersigned certifies that counsel will be served with the foregoing document by electronic mail, regular mail, or certified mail, return receipt requested.

*/s/  Matthew C. Broaddus*
Matthew C. Broaddus
Attorney for Plaintiff